```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

KENDRICK TYRON PERRY, SR.,

         Petitioner,

v.                                   Case No:  2:24-cv-382-JES-KCD

STATE OF FLORIDA
and JOSHUA ROOS,

         Respondents.
_____/
```

### ORDER OF DISMISSAL

Before the Court is Petitioner Kendrick Tyron Perry, Sr.'s handwritten petition for writ of habeas corpus. (Doc. 2). Petitioner filed the petition while a pretrial detainee being held in the Lee County Jail. He challenges his Lee County arrest and state charges in case number 24-014955CF, claiming that: (1) the actions that prompted his arrest stemmed from concern for his daughter; (2) he had a right to be where he was at the time of his arrest; and (3) the police lacked probable cause to arrest him. (Id. at 2.) The state court docket reflects that Petitioner's criminal case remains pending.[1]

---

[1] Petitioner was charged in case numbers 24-014955 and 24-021005MM on March 17, 2024 with felony battery on a law enforcement officer, misdemeanor criminal mischief (two counts), and misdemeanor resisting/obstructing an officer without violence. See Website for the Lee County Clerk of Court https://matrix.leeclerk.org/ (search: Kendrick Perry).

Upon review, it appears that Petitioner may have filed his petition in this Court by mistake. He cites solely to state statutes, styles the petition as brought in the Twentieth Judicial Circuit Court in and for Lee County, Florida, and does not identify any federal or constitutional claims. (Doc. 2 at 1). Nevertheless, the Court briefly considers the petition, and decides against directing Petitioner to file an amended petition under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

First, the Petition is not cognizable under 28 U.S.C. § 2254 because, as a pretrial detainee, Petitioner is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). Consequently, because Petitioner is a pretrial detainee, any petition for writ of habeas corpus must be brought under 28 U.S.C. § 2241. See Medberry, 351 F.3d at 1060 (discussing the differences between sections 2254 and 2241 and applying section 2241 to pretrial detainees); see also Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Neither is Petitioner entitled to relief under section 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973).

Further, Petitioner asks the Court to discharge him from state custody and dismiss all pending (state-court) charges against him because he was falsely arrested. (Doc. 2 at 2). However, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Petitioner provides no reasons for this Court to overlook the abstention principle. Nor does he allege—and a liberal reading of the petition and attachments do not suggest—any facts that warrant application of any exception to the Younger doctrine. See Hughes v. Attorney General of Florida, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[2]

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Petitioner is not entitled to habeas corpus relief, the Court must now consider

---

[2] Noting that the Supreme Court in Younger set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes, 377 F.3d at 1263 n.6.

whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is now

**ORDERED**:

1. Petitioner's Petition under 28 U.S.C. § 2241 (Doc. 2) is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to deny any pending motion as moot, enter judgment, and close this file.

3. Petitioner is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on May 1, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Kendrick Tyron Perry, Sr.